IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN ALLEN BRECKLES #2366546 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv086 |
| BRIAN COLLIER, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John Allen Breckles, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights action complaining in pertinent part about alleged violations of his rights in the Beto Unit. (Dkt. #1.) The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition. Unrelated claims about alleged violations in another prison have been severed and transferred to another court for proper venue, and an amended complaint about the claims still before this Court is due from Plaintiff later this month. (Dkt. ##7, 10.)

Plaintiff has filed an "EMERGENCY Motion for Order of Non-Retaliation," which the Court construes to be a motion for preliminary injunction. (Dkt. #14.) For the reasons expressed below, the undersigned recommends that the motion be denied.

**I. Allegations**

Plaintiff's motion is based on a single event. He alleges that Yolanda Walker, who is a Defendant in this case, denied him access to the medical department on March 15, 2022, at 10 a.m. when he needed to go to medical to get a replacement for his broken N-95 mask. (Dkt. #14 at 1–2.) He asserts that, by doing so, Walker "retaliate[d] upon Plaintiff" for filing this lawsuit. (*Id.* at 1.) Consequently, he seeks an order that Defendants "are NOT allowed to do any action to the

1

Plaintiff(s) that could be deemed as retaliation by the Plaintiff(s)" and asks that the order apply "both now and in the future through out TDCJ." (*Id.* at 1–2.)

**II. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury that is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd*, 435 F.2d 1307 (5th Cir. 1971). Irreparable injury means harm that cannot be adequately addressed by a monetary award. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) ("In order to meet this burden plaintiffs need to establish that at the time of the injunction it was under a substantial 'threat of harm which cannot be undone' through monetary remedies.")

Mere speculation or conclusory allegations of an irreparable injury are insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, No. 3:12–CV–04783, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory

statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

"[D]istrict courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *report and recommendation adopted*, No. 3:18-CV-2117-N (BH), 2019 WL 2249719 (N.D. Tex. May 24, 2019). Where a plaintiff "seeks injunctive relief unrelated to the claims in her lawsuit, jurisdiction is lacking." *Id.* Accordingly, "[w]ithout a relationship between the motion and [the plaintiff's] underlying allegations, the Court cannot grant [his] injunction." *Brown v. United States, Dep't of Veterans Affs.*, No. 3:20-CV-063-DPJ-FKB, 2021 WL 1842136, at *2 (S.D. Miss. May 7, 2021).

Plaintiff fails to satisfy this standard. He has not yet filed his amended complaint, so the Court has not had the opportunity to screen it and determine its likelihood of success on the merits. But even assuming that a legitimate claim of retaliation by a defendant would be sufficiently connected to the underlying case to form the basis of preliminary injunctive relief, Plaintiff has clearly not asserted a viable retaliation claim in his motion. Prisoners can state a claim for retaliation in violation of the First Amendment by alleging "that (1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Trial courts are to carefully scrutinize claims of retaliation, especially in relation to disciplinary

convictions, "[t]o assure that prisoners do not inappropriately insulate themselves . . . by drawing the shield of retaliation around them." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Causation in a retaliation case requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal citations omitted). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Id.* (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted). "Conclusory allegations of retaliation without a specific factual basis will not suffice." *Graves v. Mbugua*, No. 9:16-CV-170, 2020 WL 6947900, at *5 (E.D. Tex. Aug. 13, 2020), *report and recommendation adopted*, No. 9:16-CV-170, 2020 WL 6940783 (E.D. Tex. Nov. 24, 2020) (citing *Woods*, 60 F.3d at 1166).

Because this case has not yet been screened or served, there is no reason to assume that Defendant Walker is even aware it is pending. And even if she is, Plaintiff's unsupported speculation that she is retaliating against him would not be sufficient to support a claim for relief, much less the extraordinary relief he seeks. He does not allege any concrete facts connecting Walker's denying him access to medical with the existence of this case and does not allege any new pattern of mistreatment by her that began after his filing this lawsuit. He has thus not established that Walker or anyone else is retaliating against him.

Plaintiff also fails to establish that he was actually harmed by the isolated event mentioned in his motion or that he faces any substantial threat of irreparable harm in the near future. Absent some exigent circumstances not presented by Plaintiff's motion, a later claim for damages would adequately compensate Plaintiff for any retaliation he is able to prove. *See Gill v. Wisconsin Dep't*

*of Corr.*, No. 20-CV-974-PP, 2020 WL 6449107, at *7 (E.D. Wis. Nov. 3, 2020) (denying preliminary injunction where "the plaintiff cannot demonstrate that there is no adequate remedy at law, because if he wins on a claim of retaliation, an award of damages will make him whole"); *Castine v. Zurlo*, 733 F. Supp. 2d 338, 346 (N.D.N.Y. 2010) ("Plaintiff Castine is not entitled to a preliminary injunction because she will not suffer irreparable harm. To the extent that she states a First Amendment claim for retaliation . . . an award of monetary damages may adequately compensate her for her injuries."). Accordingly, even if Plaintiff's motion raised any viable claim for retaliation, it would not warrant preliminary equitable relief.

And finally, both the Defendants and the public have a strong interest in allowing prison officials to carry out their duties without interference from the judiciary. Federal judges are not experts in prison operations. The Supreme Court has, therefore, taken a negative view of "the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone." *Sandin*, 515 U.S. at 482–83. Accordingly, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," and "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Id.* This is especially true where the Plaintiff's desired injunction against anything he deems to be retaliation would be too nebulous to give Defendants fair notice of what is prohibited and would possibly result in an overwhelmingly intrusive and restrictive limitation on their dealings with Plaintiff. This factor outweighs any negligible weight attributed to Plaintiff's conclusory allegations.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunction (Dkt. #14) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 8th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE