IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN ALLEN BRECKLES #2366546 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv086 |
| BRYAN COLLIER, et al. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff John Allen Breckles, a prisoner of the Texas Department of Criminal Justice (TDCJ), filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. #3.)

On March 13, 2022, the Court observed that Plaintiff's original complaint included claims that had been severed and transferred to another court. (Dkt. #7.) Accordingly, the Court required him to file an amended complaint in order to clarify the defendants and claims before the Court and to allege the specific facts to support those claims. (*Id.*)

Plaintiff filed the amended complaint on April 21, 2022. (Dkt. #19.) On April 27, 2022, the Court again identified several fundamental flaws in Plaintiff's pleading, including the assertion of claims on behalf of other inmates and the lack of any specific factual allegations to support the single claim related to Plaintiff. (Dkt. #20 at 1.) Accordingly, the Court again gave Plaintiff thirty days from receipt of the order to amend his pleading and gave him clear instructions for how to do so. The Court emphasized that "[f]ailure to replead in conformity with this order may result in dismissal of the complaint." (*Id.* at 2.)

Plaintiff received that order on May 2, 2022. (Dkt. #21.) He has not complied with the order or taken any other action since that date to prosecute this case.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 1st day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE